IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC 758572, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: 2:19-CV-570-WKW |
|  | )         [WO] |
| COBB COUNTY DISTRICT ATTORNEY, *et al.*, | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action styled as "*Instant Petition to Challenge Pre-Conviction Cobb County, Georgia, Detainer.*" The matter has been docketed as a habeas application under 28 U.S.C. § 2241. On review of the petition the court concludes the petition is due to be transferred to the United States District Court for the Middle District of Georgia.[1]

**I. DISCUSSION**

A district court has jurisdiction, under 28 U.S.C. § 2241, over a petitioner's challenge to the terms of his pre-trial detention, including a claim regarding a speedy trial violation. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (noting that pre-trial habeas petitions are governed by § 2241 and that § 2254's provisions do not apply to pre-trial detention). Petitioner must therefore satisfy the jurisdictional requirements of 28 U.S.C. § 2241. As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the

---

[1] Petitioner has not submitted the applicable filing fee nor an application for leave to proceed *in forma pauperis*. However, the court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Georgia.

district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate custody*** of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439-440 (1867)).
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement — "core challenges" — the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).

Based on the foregoing, this court lacks personal jurisdiction over the proper respondent – the warden of the Sumter County Jail. However, the law provides that when a case is filed "laying venue in the wrong division or district" a district court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice,

2

a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (specifically granting federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").

The Sumter County Jal is located in the jurisdiction of the United States District Court for the Middle District of Georgia.  Under the circumstances of this case, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Middle District of Georgia for review and determination.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Middle District of Georgia under 28 U.S.C. § 1406(a).

It is further

ORDERED that **on or before August 27, 2019**, Petitioner may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of August 2019.

                                        /s/   Charles S. Coody
                                  UNITED STATES MAGISTRATE JUDGE