IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, GDC 758572, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | CASE NO. 2:19-CV-570-WKW [WO] |
| COBB COUNTY DISTRICT ATTORNEY, *et al.*, | ) ) ) | |
| Respondents. | ) | |

# **ORDER**

Before the court is Petitioner's "motion to file appeal for free" (Doc. # 5), which is construed as containing a motion for a certificate of appealability and a motion for leave to appeal *in forma pauperis*.[1] The motions are due to be denied.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard,

---

[1] Petitioner wishes to appeal "for free" based on his interpretation of the Foreign Emoluments Clause of the Constitution. U.S. Const. art. I, § 9, cl. 8. ("[N]o Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State."). Mr. Cobble asserts that the clause "says government in USA cannot make a [B]ritish noble pay any government fee ever indigent or not" and asserts that he is a "[B]ritish noble." (Doc. # 5.) Even if that were a proper reading of the Emoluments Clause, Mr. Cobble could not claim relief under it where he has provided no evidence that he is a British noble. Therefore, the court construes this as a motion for leave to appeal *in forma pauperis*.

such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). In addition, a certificate of appealability is necessary before a petitioner may pursue an appeal in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c). To mandate the issuance of a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

Applying these standards, the court is of the opinion that Petitioner's appeal has no merit because the transfer order he seeks to overturn is a non-appealable, interlocutory order. *Middlebrooks v. Smith*, 735 F.2d 431, 432–33 (11th Cir. 1984). The appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam). Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Accordingly, it is ORDERED that Petitioner's motion for leave to appeal *in forma pauperis* (Doc. # 5) is DENIED and that the appeal is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith. It is further ORDERED that Petitioner's motion for certificate of appealability is DENIED.

DONE this 31st day of October, 2019.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE